UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEREMY DEAN, | ) |
|               Petitioner, | ) |
|       v. | )   No. 2:19-cv-00420-JPH-DLP |
| BRIAN SMITH, | ) |
|               Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Jeremy Dean petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number STP 19-03-0171. For the reasons explained in this Order, Mr. Dean's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

  **B.**  **The Disciplinary Proceeding**

  On March 26, 2019, Indiana Department of Correction (IDOC) Lead Investigator R. Patton wrote a Report of Conduct charging Mr. Dean with offense A-102 (battery), a violation of the IDOC's Adult Disciplinary Code. The Report of Conduct states:

> On 3/26/2019, I, Lead Investigator R. Patton, was reviewing camera footage after a Signal 3000 was called in recreation. During the review, offender Jeremy Dean IDOC# 192770 can be seen striking offender Dustin Coyle IDOC# 267795 in the face with a closed fist. Coyle appeared to be knocked unconscious on the ground. Coyle received medical treatment for his injuries. End of report.

Dkt. 12-1.

  Mr. Dean was notified of the charge on March 28, 2019, when he received the screening report. Dkt. 12-5. He pled not guilty to the charge, asked for two inmate witnesses, and asked for the video of the incident. *Id.*

  Inmate Eric Staddon's statement was that he "saw two people arguing, both acting aggressive, but [he] didn't see the actual alleged battery occur." Dkt. 12-8. Inmate Mark De-Icaza's statement was that he "had [his] back turned and did not see anything happen." Dkt. 12-9. The video evidence was reviewed and a written report prepared. Dkt. 12-7. The reviewer reported that the "video footage shows the above stated offender assaulting another offender by hitting [him] several times with a closed fist, as the other offender appears to be unconscious." *Id.*

  A medical report form on the battery victim, inmate Dustin Coyle, reported the presence of two lacerations, two and five centimeters in size, and a large hematoma on his head. Dkt. 12-2.

  The disciplinary hearing was held April 2, 2019. Dkt. 12-6. Mr. Dean told the hearing officer that he "was afraid for the safety of my life and it was self defense." *Id.* The hearing officer found Mr. Dean guilty of battery and found the offense egregious. *Id.* The sanctions imposed included a 180-day earned-credit-time deprivation and a two-credit-class demotion. *Id.*

Mr. Dean appealed to the Facility Head and then to the IDOC Final Reviewing Authority, but both appeals were denied. Dkts. 12-10, 12-11, & 12-13. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

In his petition for a writ of habeas corpus, Mr. Dean presents five grounds for relief: (1) the disciplinary hearing officer was not impartial; (2) he was denied the right to present documentary evidence; (3) he was denied evidence; (4) he was not timely provided the hearing officer's findings following the hearing; and (5) some evidence was altered.

### 1.     Impartial Hearing Officer

In his petition, Mr. Dean claimed that he was denied the right to a fair hearing before an impartial decision maker because his "hearing officer" also acted as the "Disciplinary Review Officer" at his hearing. Dkt. 2 at 2.  In response, the Warden argued there was no showing that the hearing officer was biased, and that Mr. Dean does not explain what the "Hearing Officer's" role was, or how it differed from the role of "Disciplinary Review Officer." Dkt. 12 at 5-7.  In his reply, Mr. Dean argued for the first time that the Disciplinary Hearing Officer was present when R. Patton (an IDOC investigator) interrogated him in the Internal Affairs office on the date of the incident, and that demonstrates lack of impartiality. Dkt. 19 at 2. Mr. Dean also contended the hearing officer improperly enhanced the offense and altered or withheld staff reports. *Id.* at 3. The Warden did not move to file a surreply to address the new allegations and arguments raised in Mr. Dean's reply.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236

F.3d 817, 820 (7th Cir. 2000) (*per curiam*). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

The allegations in the petition do not show "clear evidence" of the Disciplinary Hearing Officer's lack of impartiality. The actions that Mr. Dean challenges—making decisions, taking procedural actions that are against an accused inmate and making ordinary mistakes—do not show impartiality. *Piggie*, 342 F.3d at 666. The presumption of the hearing officer's honesty and integrity has not been overcome.

The allegation that the hearing officer "was present" when Mr. Dean was interrogated was raised for the first time in a reply. Arguments raised for the first time in a reply will not be considered. *Wonsey v. City of Chicago*, 940 F.3d 394, 398-99 (7th Cir. 2019) (citing *United States v. Vitrano*, 747 F.3d 922, 925 (7th Cir. 2014); *United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006). The assertion that the hearing officer "was present" at the interrogation is waived.[1]

Habeas corpus relief on this ground for relief is **denied**.

---

[1] Even if this argument had not been waived, Mr. Dean only alleged that the hearing officer "was present" during his interrogation. This does not demonstrate direct or substantial involvement in the factual events underlying the disciplinary charges, or in the investigation thereof. *Piggie*, 342 F.3d at 666.

### 2.     Right to Present Documentary Evidence

Inmates facing disciplinary proceedings have a due process right to present documentary evidence. *Wolff*, 418 U.S. at 566. Here, the inmate witnesses' written statements were "presented" to the hearing officer as evident from the fact he had them. Moreover, Mr. Dean has not explained how his defense would have differed had he been the person who presented the witness statements to the hearing officer.

Even if the hearing officer did not consider Mr. Dean's own written statement during the hearing and instead told him to attach it to his appeal, Mr. Dean has not explained how this would have changed the outcome of the hearing and caused him prejudice. The right to present documentary evidence is not a right to present one's own testimony in written form. Mr. Dean was given an opportunity to make a statement, which he apparently did, *see* dkt. 12-6, and he presumedly could have read his statement to the hearing officer. If Mr. Dean's purpose was to place his statement into the disciplinary record, he accomplished that when he included the substance of his statement in the administrative appeals. The Court sees no prejudice from the hearing officer's action.

Additionally, if there were any error in this regard, it was harmless. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (applying harmless error doctrine to prison disciplinary actions). Considering the totality of the evidence, the refusal to accept Mr. Dean's written statement had no effect on the outcome of the disciplinary hearing.

Habeas corpus relief on this ground is **denied**.

### 3.     Denial of Evidence

Mr. Dean next argues that he was denied evidence because the hearing officer did not give him copies of the witness statements. He does not contend that exculpatory evidence was withheld

nor does he explain how he would have used advance copies of these statements in his defense. Mr. Dean's argument is that the simple failure to furnish the statements in advance, by itself, renders his conviction invalid. It does not. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). And as with the preceding ground for relief, if there was any error in this regard, it was harmless. *See id.*

Habeas corpus relief on this ground is **denied**.

### 4. Hearing Officer's Findings Not Timely Provided

The hearing officer's statement of reasons for finding Mr. Dean guilty was not delivered to him for 23 days. While due process requires that an inmate be given the statement of reasons, there is no prescribed time limit for doing so. The applicable time frame is decided by state law or IDOC regulations. The purpose of the requirement is to provide the inmate with information he might need for an appeal. Mr. Dean's administrative appeals appear thorough, and he has suggested no issues that he would have appealed, but did not, if he had received the hearing officer's report sooner.

Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as Mr. Dean's argument on this ground for relief, are not federal constitutional claims and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x. 779, 780 (7th Cir. 2002) ("A prison's

noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Accordingly, habeas corpus relief on this ground is **denied**.

### 5. Evidence was Altered

Mr. Dean argues that evidence was altered after the hearing. Specifically, he claims that he was given copies of documents, and later the originals of those documents contained time-stamps or other notations. Mr. Dean does not explain how such alterations, assuming they occurred, caused him harm. None of the alterations alleged by Mr. Dean were substantive in nature—*e.g.* a timestamp when a document was received after a copy had been provided to Mr. Dean—and could not have altered the outcome of the administrative appeals.

Mr. Dean's contention that officials altered the video review document is without merit. The Court agrees with the Warden that no difference exists between the documents Mr. Dean provides and the documents provided by the Warden.

Finally, if any documents were altered in any way, the alterations have not been shown to have had any effect on the disciplinary hearing, subsequent administrative appeals, or consideration in this Court of the habeas corpus claims. Any potential error is therefore harmless. *Cross*, 637 F.3d at 847.

Habeas corpus relief on this ground is **denied**.

### D. Conclusion

None of the claims contained in Mr. Dean's petition for a writ of habeas corpus have merit. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

7

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Dean to the relief he seeks. Accordingly, Mr. Dean's petition for a writ of habeas corpus is **denied** and this action dismissed with prejudice.  Mr. Dean's motion filed August 13, 2020, docketed as a motion for summary judgment, is **DENIED as moot**.  Dkt. [22].  Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 1/5/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jeremy Dean
192770
Putnamville Correctional Facility
Electronic Service Participant – Court Only

Frances Hale Barrow
Indiana Attorney General
frances.barrow@atg.in.gov